UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOHN S. BARTH,

      Plaintiff,

vs.                                CASE NO.: 8:14-cv-00118-EAK-EAJ

STARLET McNEELY,
CHANTEL HOLLMAN,
HERBERT BUCK,
SARASOTA COUNTY,
JOHN DOE and JANE DOE,

      Defendants.

_____/

## ORDER ON DEFENDANTS' MOTIONS TO DISMISS

This cause is before the Court on Defendant, Sarasota County's,

Motion to Dismiss Count I of Plaintiff's Complaint (Doc. 8), Defendants,

Starlet McNeely, Chantel Hollman, and Herbert Buck's (collectively

"Private Defendants"), Motion to Dismiss (Doc. 13), and Plaintiff's

Responses in Opposition to Defendants' motions (Doc. 16; Doc. 19). For

the reasons set forth below, Defendant Sarasota County's Motion to Dismiss

Count I for failure to state a claim is **GRANTED**, Private Defendants'

Motion to Dismiss Counts II, III, and IV for failure to state a claim is

1

**GRANTED** with respect to violations of the Civil Rights Act, and Private

Defendants' Motion to Dismiss state law claims in Counts II, III, IV, and V

for lack of subject matter jurisdiction is **GRANTED WITH LEAVE TO**

**AMEND.**

### STATEMENT OF THE FACTS

Plaintiff submitted the following facts in the Complaint.  The Court

recognizes these as "facts" only in regard to resolution of these pending

motions to dismiss.

Plaintiff lives next door to Defendants McNeely and Hollman on

Brazilnut Avenue in Sarasota County, Fla. (Doc. 1, Pg. 3).  Defendant Buck

resides on Almond Avenue, one street behind Brazilnut Avenue. (Doc. 1,

Pg. 3).

On many occasions, Private Defendants left McNeely's large dogs

outdoors to bark throughout the night. (Doc. 1, Pg. 9).

On November 27, 2012, after Sheriffs served the Summons and

Complaint for a state civil action for nuisance abatement, Buck pounded on

Plaintiff's door and shouted threats of violence before leaving at Plaintiff's

request. (Doc. 1, Pg. 8).  With the direction of McNeely, Buck returned to

Plaintiff's home and continued the same threats causing Plaintiff to fear

2

injury by Buck. (Doc. 1, Pg. 8). Sheriff deputies responded to Plaintiff's call and spoke with him and Buck. (Doc. 1, Pg. 9). The Sheriff's incident report did not mention any offenses or identities and noted "a verbal argument over dog barking" which did not occur that day. (Doc. 1, Pg. 9).

Harassment by Private Defendants occurred most days and nights (Doc. 1, Pg. 10), but most deputy observations did not result in a report due to deputy confusion on which ordinance to enforce, misunderstanding of ordinances, and bias that they must protect dog owners. (Doc. 1, Pg. 13).

On one occasion, McNeely pounded on sheet metal during the night after Plaintiff reported the dog barking. (Doc. 1, Pg. 10). After this incident, Lieutenant Stroud assured Plaintiff that the report records observations of nuisance whether or not action was taken. (Doc. 1, Pg. 11). Deputies' mistakes reduced the number of reports showing dog barking in Plaintiff's second civil complaint in Circuit Court. (Doc. 1, Pg. 13).

In addition to Plaintiff's federal litigation, Plaintiff has filed five related state civil actions. (Doc. 1). The first state civil action was voluntarily dismissed by the Plaintiff, three subsequent complaints were dismissed by the court, and Plaintiff's most recent related state claim is pending before the Circuit Court. (Doc. 1).

In Plaintiff's Complaint before this Court, Plaintiff alleges that Defendants denied, and conspired to deny, Plaintiff's due process and equal protection under the law. (Doc. 1, Pg. 4-6). Plaintiff also alleges several related state law claims against the Private Defendants. (Doc. 1, Pg. 5-6).

## STANDARD OF REVIEW

The allegations of a *pro se* complaint are held to less stringent standards than pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Nevertheless, *pro se* litigants must still comply with procedural rules. *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007).

Federal Rule of Civil Procedure 8(a)(2) requires that a plaintiff's complaint set out a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citations and internal quotation marks omitted).

Therefore, to survive a defendant's motion to dismiss, the plaintiff's complaint "must now contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1289 (11th Cir. 2010) (quoting *Twombly*, 550 U.S. at 570). In considering a motion to dismiss under this plausibility standard, courts follow a two-pronged approach. First, a court must "eliminate any allegations in [a] complaint that are merely legal conclusions." *Id.* at 1290 (citing *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009)). Then, a court must take any remaining well-pleaded factual allegations, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* (citing *Iqbal*, 129 S. Ct. at 1950) (internal quotation marks omitted). In sum, Rule 8's pleading standard "does not require 'detailed factual allegations,' but demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 555).

## DISCUSSION

Plaintiff asserts that Defendant Sarasota County is liable under 42 U.S.C. § 1983 for violations of Plaintiff's rights to due process and equal protection afforded to him by the Fourteenth Amendment of the United

States Constitution.  Sarasota County makes several arguments for why Plaintiff's claim against it must be dismissed.  Private Defendants join in this motion.  (Doc. 13, Pg. 1).  Sarasota County argues that Count I of Plaintiff's Complaint should be dismissed because "the County is not an entity subject to suit for the alleged actions of the Sheriff of Sarasota County and/or his employees[,]" "[p]laintiff has failed to allege either a due process or equal protection claim[,]" and the Plaintiff made "no allegation demonstrating an affirmative causal connection between any act attributable to the County and any alleged Section 1983 claim."  (Doc. 8, Pg. 1).

## I. Plaintiff Fails To Show His Constitutional Rights Were Violated By Sarasota County

To state a claim for municipal liability under 42 U.S.C. § 1983, a plaintiff must show (1) that his constitutional rights were violated, (2) that the municipality had a custom or policy that constituted deliberate indifference to that constitutional right, and (3) that the policy or custom caused the violation.  *McDowell v. Brown*, 392 F.2d 1283, 1289 (11th Cir. 2004).  An underlying constitutional injury must be found before examining an entity's policy or custom.  *Baker v. McCollan*, 443 U.S. 137, 140 (1979); *Rooney v. Watson*, 101 F.3d 1378, 1381 (11th Cir. 1996).

6

## A. Plaintiff Fails To Show A Violation Of His Due Process Rights

Plaintiff's allegations do not show deputies' actions caused a deprivation of a constitutionally protected right or liberty.

Plaintiff asserts Sarasota County violated his right to due process "by means of customary selective enforcement, customary mistraining and failure to train employees with reckless disregard and deliberate indifference to need resulting in wrongful employee actions, and by customary falsification and concealment of public records." (Doc. 1, Pg. 4). Plaintiff further asserts custom dictated deputies' failure to enforce various nuisance ordinances and inadequate investigation of Plaintiff's multiple complaints of harassment by the Private Defendants. (Doc. 1, Pg. 10).

The Due Process Clause of the Fourteenth Amendment provides that "[n]o State shall . . . deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV. A Section 1983 claim alleging a denial of procedural due process requires proof than an action by the state deprived an individual of a constitutionally-protected liberty or property interest without providing constitutionally-adequate process. *Grayden v. Rhodes*, 345 F.3d 1225, 1232 (11th Cir. 2003) (citing *Cryder v. Oxendine*, 24 F.3d 175, 177 (11th Cir. 1994)).

7

The Due Process Clause "is phrased as a limitation on the State's power to act, not as a guarantee of certain minimal levels of safety and security." *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 195 (1989). "Its purpose [is] to protect the people from the State, not to ensure that the State protect[s] them from each other." *Id.* at 196. Law enforcement is generally not liable under the Fourteenth Amendment and Section 1983 for harms that may have been prevented by better policing. *Town of Castle Rock, Colo. v. Gonzales*, 545 U.S. 748, 768-769 (2005).

Plaintiff expressly contributes his injuries to the actions performed by the Private Defendants. (Doc. 16, Pg. 10). Plaintiff asserts the deputies' failure to enforce ordinances on numerous occasions facilitated and prolonged these injuries. (Doc. 16, Pg. 10). Because law enforcement is not required to protect individuals from third parties, the Sheriff deputies' failure to protect Plaintiff from harms solely created by the Private Defendants cannot state a claim for a violation of Due Process.

Plaintiff erroneously argues that the use of the word "shall" in Sarasota County's Public Nuisance ordinance creates a duty to enforce the ordinance. (Doc. 16, Pg. 12-13). It is well established that police officers are afforded discretion in their investigation of complaints, "even in the

8

presence of seemingly mandatory legislative commands." *Castle Rock*, 545 U.S. at 761. The use of the word "shall" in the ordinance does not create an affirmative duty for the police to enforce the ordinance in every nuisance complaint.

Plaintiff also erroneously argues that acknowledgement and promises from the Sheriff created an affirmative duty to protect. (Doc. 16). A State's knowledge of the circumstances and expressions of intent to help, without action that makes the Plaintiff more vulnerable, does not create an affirmative duty to protect. *DeShaney*, 489 U.S. at 200. While the Sheriff may have been aware of the injuries inflicted by the Private Defendants in this case, the allegations do not show that the State played any role in creating the harm, nor do the allegations show that any actions by the deputies made the Plaintiff more vulnerable to harm.

Plaintiff does not allege sufficient facts in his Complaint to show "state action" as required to implicate the Due Process Clause of the Fourteenth Amendment.

**B. Plaintiff Fails To Show A Violation Of Equal Protection**

Identical to his Due Process claim, plaintiff's Equal Protection claim is based on the allegation that the deputies failed to thoroughly investigate

his complaints and protect him from third parties. (Doc. 1, Pg. 10). Plaintiff further alleges that deputies have enforced the ordinances in past cases and would enforce the ordinances if the complaints were from other officers or judges. (Doc. 1).

The Equal Protection Clause of the Fourteenth Amendment provides that "[n]o State shall ... deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV.

A plaintiff alleging a "class of one" equal protection claim must show that he was intentionally treated differently from others who were similarly situated. *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). He must also show that there was no rational basis for the disparate treatment. *Id.*

A one-dimensional inquiry can be used to determine if individuals are similarly situated when the challenged decisions involve only one relevant factor. *Griffin Industries, Inc. v. Irvin*, 496 F. 3d 1189, 1203 (11th Cir. 2007). Other decisions require a multi-dimensional inquiry because they involve discretionary decisionmaking based on many relevant factors. *Grider v. City of Auburn, Ala.*, 618 F.3d 1240, 1265 (11th Cir. 2010). To be similarly situated, the individuals must be "prima facie identical in all

relevant respects." *Campbell v. Rainbow City, Ala.*, 434 F.3d 1306, 1314 (11th Cir. 2006).

As discussed, *supra*, law enforcement is afforded discretion in its investigation and is generally not held liable under the Fourteenth Amendment for failure to prevent harms inflicted by others. *Castle Rock*, 545 U.S. at 761, 768-769. Due to law enforcement's discretionary decisionmaking, Plaintiff must allege facts to support he is "prima facie identical [to comparators] in all relevant respects." *Campbell*, 434 F.3d at 1314.

Plaintiff fails to allege facts to support disparate treatment by law enforcement. To show disparate treatment, plaintiff alleges differing outcomes in other cases and his own conjecture to how deputies may respond to others' complaints. (Doc. 1).

The Court finds that the Plaintiff only offers conclusory allegations with no clear factual support of disparate treatment. Therefore Plaintiff fails to state a claim for a violation of Equal Protection.

Due to Plaintiff's failure to sufficiently allege an underlying constitutional injury, there is no need to examine policies and customs and whether Sarasota County is the correct entity to be sued for such violations.

As a result, Defendant Sarasota County's Motion to Dismiss Count I for failure to state a claim is **GRANTED.**

## II. Plaintiff Fails To Show Private Defendants Violated The Civil Rights Act

Plaintiff asserts Private Defendants "denied and conspired to deny to plaintiff the exercise of rights guaranteed by the United States Constitution, to liberty and the free use and enjoyment of his property, in violation of the Civil Rights Act." (Doc. 1, Pg. 5-6). Private Defendants argue that no allegations in the complaint can establish "that McNeely, Saunders or Buck are 'state actors' or have taken any action under color of state law, as is necessary to establish a valid claim under the Civil Rights Act." (Doc. 13, Pg. 5.) In Plaintiff's response to Private Defendants' motion, Plaintiff clarifies that his Civil Rights claims against the Private Defendants are being raised under 42 U.S.C. §§ 1985–1986 and therefore do not require the Private Defendants to be state actors. (Doc. 19, Pg. 10).

Section 1985 provides a cause of action when there is a conspiracy to deprive an individual of "the equal protection of the laws, or of equal privileges and immunities under the laws[.]" 42 U.S.C. § 1985. Section 1986 provides a cause of action against any person who had knowledge of a

Section 1985 conspiracy and had the power to prevent the commission of the conspiracy but neglected or refused to do so.  42 U.S.C § 1986.

Section 1985 includes purely private conspiracies. *Griffin v. Breckenridge*, 403 U.S. 88, 101 (1971).  Although the statute reaches private action, it was not intended "to apply to all tortious, conspiratorial interferences with the rights of others." *Id.*  To avoid interpreting Section 1985 as a general federal tort law, "[t]he language requiring intent to deprive of equal protection, or equal privileges and immunities, means that there must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." *Id.* at 102.

Plaintiff's allegations may support a conspiracy among private individuals, but Plaintiff fails to allege any facts to support that the Private Defendants acted with a racial or class-based motive.  Plaintiff merely alleges general tortious interferences prompted by a disagreement between neighbors.  The Court finds these allegations are not actionable under Section 1985.

Because Plaintiff fails to allege facts supporting a conspiracy actionable under Section 1985, the Court finds Private Defendants cannot be held liable for failing to prevent said inadequate conspiracy.  Therefore,

Private Defendants Motion to Dismiss Counts II, III, and IV for failure to state a claim for a violation of Plaintiff's civil rights is **GRANTED.**

### III.  Plaintiff Failed To Clearly Establish Diversity Jurisdiction

Federal courts are courts of limited jurisdiction.  Because Plaintiff fails to state any claims under 28 U.S.C § 1331, Plaintiff must rely on diversity jurisdiction for the Court to have subject matter jurisdiction over his state law claims.

Pursuant to 28 U.S.C. § 1332, the district courts have original jurisdiction for all civil actions between citizens of different states where the matter in controversy exceeds $75,000.00.  Under 28 U.S.C. § 1332, citizenship is equivalent to an individual's domicile.  *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002).  An individual's domicile is the most recent state where he resided with the intent to remain indefinitely. *Id.* at 1258.

Private Defendants successfully point out the inconsistencies in Plaintiff's allegations as to his state citizenship.  (Doc. 13, Pg. 7).  Plaintiff asserts that he is a citizen of Maine (Doc. 1, Pg. 7), but alleges his neighbors in Sarasota County, the Private Defendants, harassed him for more than a year.  (Doc. 1, App'x 1).  Further, in Plaintiff's response to Defendant

14

Sarasota County's Motion to Dismiss, Plaintiff asserts that he is a citizen of Florida. (Doc. 16, Pg. 10).

The Court finds that Plaintiff's inconsistent allegations do not establish diversity of citizenship. The Court recognizes that Plaintiff is proceeding *pro se*. (*See* Doc. 1). In accordance with construing a *pro se* complaint liberally, the Court, sua sponte, grants Plaintiff leave to amend his Complaint to rectify the inconsistent allegations of citizenship and to limit his complaint to the causes of action allowed by this order. Plaintiff's amendment must be in accordance with the good faith requirements of Federal Rule of Civil Procedure 11.

Private Defendants' Motion to Dismiss for lack of subject matter jurisdiction is **GRANTED WITH LEAVE TO AMEND** as to Plaintiff's citizenship. Due to lack of subject matter jurisdiction, the Court refrains from ruling on motions regarding the validity of the state law claims.

**ORDERED** that Defendant Sarasota County's Motion to Dismiss Count I for failure to state a claim is **GRANTED**, and Defendant Sarasota County is dismissed from this action. Private Defendants' Motion to Dismiss Counts II, III, and IV for failure to state a claim is **GRANTED** regarding violations of the Civil Rights Act, and Private Defendants' Motion

15

to Dismiss Counts II, III, IV, and V for lack of subject matter jurisdiction is

**GRANTED WITH LEAVE TO AMEND**. The amended complaint must

be filed within fifteen days of this date or this case will be dismissed in its

entirety.

      **DONE and ORDERED** in Chambers, in Tampa, Florida this 7th day of

July, 2014.



ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to: All parties and counsel of record